this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due him, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

**96–2830. In re Bell.**

On December 23, 1996, the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court referred to the Supreme Court pursuant to Gov.Bar R. V, a certified copy of a drug court judgment entry of treatment in lieu of conviction, entered by the Hamilton County Court of Common Pleas on October 1, 1996, in case No. B–9607524 in *State of Ohio v. John A. Bell*, against John A. Bell, a.k.a. John Ashley Bell, Attorney Registration No. 0025853, last known business address in Cincinnati, Ohio.

Upon consideration thereof, it is ordered that this matter be, and is hereby, referred to the Disciplinary Counsel for further investigation without the imposition of an interim suspension against respondent at this time.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by

sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS

**96–2605.   State ex rel. Marinucci v. Indus. Comm.**
Franklin App. No. 96APD02–164.  This cause is pending before the court as an appeal from the Court of Appeals for Franklin County.  It appears from the records of this court that appellant has not filed a merit brief, due January 15, 1997, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence.  Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte.*
*Monday, January 27, 1997*

## MOTION DOCKET

**95–2591.   Sharon Village Ltd. v. Licking Cty. Bd. of Revision.**
Board of Tax Appeals, No. 94–M–1214.  This cause is pending before the court as an appeal from the Board of Tax Appeals.  Upon consideration of appellant's motion for additional time for oral argument currently scheduled for February 19, 1997,

IT IS ORDERED by the court that the motion for additional time for oral argument be, and hereby is, granted, and time is extended to twenty minutes per side.

**95–2594.   Derby Downs Ltd. v. Licking Cty. Bd. of Revision.**
Board of Tax Appeals, No. 94–M–1215.  This cause is pending before the court as an appeal from the Board of Tax Appeals.  Upon consideration of appellant's motion for additional time for oral argument currently scheduled for February 19, 1997,

IT IS ORDERED by the court that the motion for additional time for oral argument be, and hereby is, granted, and time is extended to twenty minutes per side.

**95–2596.   Cherry Lee Ltd., Realty Dev. Co. #3 v. Licking Cty. Bd. of Revision.**
Board of Tax Appeals, Nos. 94–M–1325 and 94–M–1326.  This cause is pending before the court as an appeal from the Board of Tax Appeals.  Upon consideration of appellants' motion for additional time for oral argument currently scheduled for February 19, 1997,

IT IS ORDERED by the court that the motion for additional time for oral argument be, and hereby is, granted, and time is extended to twenty minutes per side.

## MISCELLANEOUS DISMISSALS

**96–2411.   State v. Dillon.**
Monroe App. No. 725.  This cause is pending before the court as a discretionary appeal and a claimed appeal of right.  It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due January 17, 1997, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence.  Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte.*

**96–2616.   State ex rel. Sanders v. Ohio Adult Parole Auth.**
Warren App. No. CA96–04–036.  This cause is pending before the court as an appeal from the Court