[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 310.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BELL.

[Cite as *Disciplinary Counsel v. Bell*, 1998-Ohio-477.]

*Attorneys at law—Misconduct—Public reprimand—Plea of guilty to two felony charges of presenting a false or forged prescription for a Schedule IV drug resulting in judgment of treatment in lieu of conviction.*

(No. 98-718—Submitted May 27, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-32.

_____

{¶ 1} On October 1, 1996, based upon his plea of guilty to two felony charges of presenting a false or forged prescription for a Schedule IV drug, the Hamilton County Court of Common Pleas entered a judgment of treatment in lieu of conviction against respondent, John A. Bell, now of Knoxville, Tennessee, Attorney Registration No. 0025853. Respondent reported his conviction, and on January 24, 1997, we suspended respondent from the practice of law for an interim period. *In re Bell* (1997), 77 Ohio St.3d 1534, 674 N.E.2d 1176.

{¶ 2} On April 14, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's actions which led to the felony charges and subsequent judgment entry violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (6) (engaging in conduct adversely reflecting upon the attorney's ability to practice law). The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Based upon stipulations of the parties, the panel found the facts as alleged and concluded that respondent's actions constituted a violation of the Disciplinary Rules as charged.

**{¶ 3}** In mitigation, the panel found that respondent had a history of back pain that led to his drug use and ultimately to his intentionally presenting on two occasions a false prescription for a substance known as Darvocet in violation of R.C. 2925.23. The panel further found in mitigation that respondent had entered a plea of guilty, completed an inpatient drug dependency program, complied with his outpatient treatment, and cooperated with Disciplinary Counsel. The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*John Ashley Bell, pro se.*

————————————

***Per Curiam.***

**{¶ 4}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————